# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:<br><br>DONALD ERIC OKESON,<br><br>Debtor, | Case No. 25-40578<br><br>Chapter 12 |
| 4M FEEDERS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD ERIC OKESON,<br><br>Defendant. | Adv. Case No. 25-07024 |

## ANSWER TO COUNTERPETITION

4M Feeders, Inc. ("**4M Feeders**"), through counsel, hereby submits its Answer to the Counterpetition filed by Donald Erick Okeson ("**Okeson**") as follows:

1. 4M Feeders is without sufficient information to admit or deny the statement regarding Okeson's residential address and therefore denies the same. 4M Feeders admits Okeson is the Debtor-in-possession in this action.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied.

10. Admitted.

11. 4M Feeders admits that it entered into one or more Cattle Feeding Agreements and related agreements with Okeson. 4M Feeders denies that Okeson and 4M Feeders would partner to feed lots of cattle in 4M Feeders' Colorado feeding facilities.

12. Denied.

13. 4M Feeders admits that, at the time Okeson was terminated, he held an interest in certain cattle pursuant to certain written agreements. 4M Feeders denies the remaining allegations in Paragraph 13.

14. Admitted.

15. Denied.

16. 4M Feeders is without sufficient information to admit or deny the allegations set forth in Paragraph 16 and therefore denies the same.

17. Denied.

18. Denied.

19. 4M Feeders is without sufficient information to admit or deny the allegations set forth in Paragraph 19 and therefore denies the same.

20. 4M Feeders is without sufficient information to admit or deny the allegations set forth in Paragraph 20 and therefore denies the same.

21. Denied.

22. Denied.

23. Denied.

24. 4M Feeders admits that Okeson's UTV was on 4M Feeders' property during

Okeson's employment. 4M Feeders denies the remaining allegations set forth in Paragraph 24.

25. 4M Feeders is without sufficient information to admit or deny the allegations set forth in Paragraph 25 and therefore denies the same.

26. 4M Feeders is without sufficient information to admit or deny the allegations set forth in Paragraph 26 and therefore denies the same.

27. Denied.

28. 4M Feeders admits that Okeson's trailer was on 4M Feeders' property during his employment. 4M Feeders is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 28 and therefore denies the same.

29. The allegations in Paragraph 29 are legal conclusions to which no response is required. To the extent a response is required, 4M Feeders is without sufficient information to admit or deny the allegations set forth in Paragraph 29 and therefore denies same.

## COUNT I – TURNOVER OF PROPERTY TO THE ESTATE

30. 4M Feeders incorporates the responses set forth above.

31. The allegations in Paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, 4M Feeders denies the allegations set forth in Paragraph 31.

## COUNT II – BREACH OF CONTRACT

32. 4M Feeders incorporates the responses set forth above.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## GENERAL DENIAL

4M Feeders denies each allegation contained in the Counterpetition not specifically and expressly admitted above.

## AFFIRMATIVE DEFENSES

1. Okeson has failed to state a claim upon which relief can be granted.

2. Okeson's claims are barred in whole or in part by his failure to mitigate his damages, if any.

3. Okeson's claims are barred in whole or in part by the economic loss rule.

4. Okeson's claims are barred in whole or in part by the statute of limitations.

5. Okeson's damages, if any, were proximately caused by his own acts, failures, and/or deficiencies.

6. Okeson's claims are barred in whole or in part by the doctrine of unclean hands.

7. Okeson's claims are subject to set-off.

8. Okeson's claims are barred in whole or in part, by waiver, release, estoppel, payment and/or ratification.

9. The extent to which Okeson's claims may be barred by any remaining affirmative or other defenses, including those contemplated by the Federal Rules of Bankruptcy Procedure, cannot be determined at this time without the benefit of discovery, 4M Feeders reserves the right to assert additional affirmative defenses as may be appropriate

Dated: December 30, 2025.

Respectfully submitted,

By: */s/James T. Schmidt*
Benjamin C. Struby (KS# 22243)
James T. Schmidt (KS# 30216)
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Phone: (816) 460-5329
benjamin.struby@lathropgpm.com
james.schmidt@lathropgpm.com

and

Christopher P. Carrington, #37004
Benjamin W. Hudgens, #51476
*Admitted pro hac vice*
Richards Carrington, LLC
1444 Blake Street
Denver, Colorado 80202
Phone Number: 303-962-2690
chris@richardscarrington.com
ben@richardscarrington.com

*Attorneys for 4M Feeders, Inc.*

5

## **CERTIFICATE OF SERVICE**

       I hereby certify that on December 30, 2025, a true and correct copy of the foregoing document was electronically filed with the Court using the CM/ECF system, which will send notification to all parties of interest participating in the CM/ECF system.

*/s/ James T. Schmidt*